[Civ. No. 23374. Second Dist., Div. One. Apr. 10, 1959.]

T. R. FORD, Respondent, v. LAWRENCE R. LOANEY et al., Defendants; WILLIAM A. FAGE, Appellant.

Fadem & Memel for Appellant.

Lester M. Fleischner for Respondent.

FOURT, J.—This is an appeal (according to the notice of appeal) by the defendant William A. Fage, doing business as Eagle Rock Cabinet, from a default judgment entered against him in a quiet title action.

In an action filed in Los Angeles County on February 6, 1956, the plaintiff sought to quiet title to a parcel of real property which was particularly described in the complaint. The plaintiff had been a purchaser of such real property at a sale conducted by a trustee in a foreclosure proceeding of a deed of trust. In the complaint to quiet the title to the property, the defendant William A. Fage, doing business as Eagle Rock Cabinet, was named as one of the several defendants, and he was served with a copy of the summons and complaint on March 8, 1956. The appellant thereafter apparently consulted with Jerrold Fadem of Fadem and Memel, attorneys at law, with reference to the matter. Mr. Fadem apparently then contacted the then attorneys for the plaintiff and had the time extended 15 days within which to answer or appear. After the first extension of time was granted the appellant asked for and received another extension of about 20 days. At the end of the second extension, still another extension of time was asked for and received.

Eagle Rock Lumber Company, Inc., a corporation, was named a defendant and was represented by the law firm of Dally and Saulque. Dally and Saulque caused to be filed an answer for that corporation on March 6, 1956.

On or about April 26, 1956, Jerrold A. Fadem, supposedly as the attorney for Eagle Rock Lumber Company, Inc., a corporation, filed what purported to be an unverified answer for that corporation. Fadem in fact had never been the

attorney for the lumber company, and had never been consulted by the corporation with reference to the matter at hand or otherwise. Fadem had never before represented William A. Fage and did not know of him prior to representing him in this particular cause.

No pleading having been filed on behalf of William A. Fage, so far as the record disclosed, on May 8, 1956, the default of William A. Fage was entered at the request of the attorneys for the plaintiff. On or about August 17, 1956, the plaintiff substituted himself as attorney for himself, in lieu of his former attorneys who filed the action in quiet title in the first instance. On March 5, 1957, the plaintiff substituted his present counsel for himself as attorney of record in the cause.

On April 8, 1957, about 11½ months after the default of the appellant had been entered, appellant made a motion to amend the answer filed on April 26, 1956, *nunc pro tunc*, to show that said answer was not filed in behalf of the Eagle Rock Lumber Company, Inc., a corporation, as set forth and stated in the document, but was filed on behalf of William A. Fage, individually, and doing business as Eagle Rock Cabinet. The attorney for the appellant filed an affidavit with said notice of motion, wherein he set forth in effect that the appellant had consulted with him with reference to the matter after he, the appellant, was served with the summons and complaint, and that he, the attorney, could not determine whether there was a good defense to the action without an extensive investigation; that he got two extensions of time within which to answer or appear in the cause, and then filed an answer on April 26, 1956, in behalf of the appellant, but erroneously written and signed on behalf of Eagle Rock Lumber Company, Inc., a corporation, instead of appellant William A. Fage. The attorney further set forth in effect that it all was the fault of his secretary in misunderstanding his dictation, and this in spite of the fact that the attorney himself signed the answer, which was unverified, as the attorney for the defendant Eagle Rock Lumber Company, Inc. That motion of the appellant was submitted as of April 12, 1957, and on April 15, 1957, the court denied the same and counsel were notified accordingly.

On May 13, 1957, the plaintiff filed a notice of motion for an order to have the default of the defendant Eagle Rock Lumber Company, Inc., a corporation, entered. Accompanying that motion was a stipulation by the Attorneys Dally and

Saulque, who represented the corporation, that the answer theretofore filed by them for the corporation could be withdrawn, and authorizing the plaintiff to take a default against the corporation. The clerk refused to enter the default of the corporate defendant, apparently because Fadem had filed, on April 26, 1956, an answer purporting to be on behalf of the corporate defendant. The clerk would do nothing about entering the default of the corporation unless and until Fadem authorized it in writing, although Fadem was not in fact, and never had been the attorney for the corporation. Fadem would not authorize the default of the corporation.

On May 16, 1957, the appellant filed a ''notice of motion to correct the name of defendant, file verification to answer and strike default,'' (of William A. Fage, doing business as Eagle Rock Cabinet).

On May 21, 1957, each of the motions last mentioned was heard. The court at that time granted the motion of the plaintiff to enter the default of defendant Eagle Rock Lumber Company, Inc., a corporation. The motion of appellant to file a verification to the answer, to change the name of Eagle Rock Lumber Company, Inc., a corporation, to read William A. Fage, doing business as Eagle Rock Cabinet, and to strike the default of William A. Fage, doing business as Eagle Rock Cabinet, were submitted, and on May 23, 1957, each such motion was denied.

On December 5, 1957, plaintiff secured a decree which in effect set forth that the plaintiff was the owner in fee simple absolute, subject to deeds of trust of record, of the property in question as of January 6, 1956; further, that the named defendants, as of January 6, 1956, did not have any right, title, interest or lien in and to the property or any part thereof. The decree was entered on December 9, 1957, and on February 4, 1958, the appellant filed his notice of appeal.

The appellant asserts:

(1) that an error in the name of a party may be corrected by an amendment at any time;

(2) that an error in name can be corrected as of the time the document was filed;

(3) that a default entered after an answer is on file may be stricken at any time;

(4) that an omission of a verification may be cured by amendment;

(5) that an unverified answer is not a nullity;

(6) that the plaintiff here sued the wrong person;

(7) that the plaintiff should be estopped from taking advantage of what appellant terms to be a clerical error.

It is true that under *some* circumstances an error in the name of a party may be corrected by an amendment. Counsel has cited for authority such cases as *Nisbet* v. *Clio Mining Co.*, 2 Cal.App. 436, 441 [83 P. 1077] ; *Thompson* v. *Southern Pac. Co.*, 180 Cal. 730, 734 [183 P. 153] ; *Smith* v. *Pickwick Stages System*, 113 Cal.App. 118, 122 [297 P. 940]. However, a reading of the cases cited by appellant discloses that the facts in each case are entirely dissimilar to the facts in the instant case.

Section 473 of the Code of Civil Procedure reads in part:

"The court *may,* in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; . . ." (Emphasis added.)

It is clear that the court is not in *every* instance compelled to grant the motion of a party to correct a name in the pleading, or to correct some other mistake. A broad discretion is properly placed in the trial court. In this case the trial judge heard the evidence which was presented at the hearing, he read the affidavits submitted by the respective parties, and our review indicates to us that the trial judge was correct in his determination, and there was no abuse of discretion.

It is true that in some proper cases (as the appellant asserts) an error in a document can be corrected as of the time that the document was filed. The trial court in this instance, however, found in effect that under the circumstances, this was not a proper case within which to permit such a correction.

The appellant further states that a default entered after an answer is on file may be stricken at any time, and such is in general a correct statement of the law. However, in the case at hand, there was no answer of William A. Fage on file at the time of the default on May 8, 1956, and therefore it was proper to have the default of William A. Fage entered because of his failure to appear. Under section 585, Code of Civil Procedure, the clerk was required to enter the default of the appellant, under the circumstances of the case. Even if the stenographer in this case should have recognized that her employer meant William A. Fage, when he apparently said "Eagle Rock Lumber Co., Inc., a corporation," the

clerk is not required to have any such clairvoyance. There being nothing on file in behalf of William A. Fage on May 8, 1956, the clerk complied with the request to enter the default of such person, he having theretofore been properly served and the time having expired for an answer or appearance. No steps were taken within the six months' period provided for in section 473, Code of Civil Procedure, to set aside the default.

■ The appellant is correct in his assertion that an omission of a verification may be cured in a *proper* case by an amendment, and it is also true that an unverified answer is not necessarily a nullity; but the trial court ruled in this particular matter that it was not such a proper case, and a complete reading of the record convinces us that there was no abuse of the discretion which reposed in him.

As to appellant's contention that the plaintiff sued the wrong person, there is no merit whatsoever.

■ The last assertion of the appellant is in the nature of a contention that the plaintiff should be estopped from taking any advantage of the so-called clerical error. The trial court apparently did not believe that there were any of the elements present which bring estoppel into play in this cause, and we are of the same opinion. It is not up to opposing counsel to keep his opponent informed as to whom the opponent does or does not represent. In this instance if there was a dilemma, it was self-imposed, and did not result from anything the respondent said or did.

Furthermore, in this case, the sole defense was based upon a mechanic's lien upon the real property in question. At the oral argument it was stipulated that this court might have before it for consideration the municipal court file having to do with the action of appellant in foreclosing his mechanic's lien. A reading of the documents in that file discloses that the appellant did not join the respondent herein as a defendant in that action, and it is readily apparent that the appellant has not complied with the provisions of section 1198.1, subdivision (a), Code of Civil Procedure, namely, bringing an action within 90 days from the date of filing of the lien; therefore the probabilities are great that even if this case were reversed, a summary judgment would be granted in favor of the respondent.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.